IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

KALLIOPI VAGRAS,

           Plaintiff,

-vs-

JOSEPH CIMPERMAN, et al.,

           Defendants.

---

CASE NO. 1:04 CV 1002

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This case was filed in the Cuyahoga County Court of Common Pleas on 23 February 2004 and removed to federal district court on 24 May 2004. (Docket No. 1). The crux of plaintiff Kalliopi Vagras' complaint against defendants Cleveland City Councilman Joseph Cimperman and the City of Cleveland is that city ordinances were selectively enforced against her and the Landmark Restaurant and she was dropped from a community development program which reimburses property owners for renovation costs because she declined to sell her property to the Goodrich-Gannett Neighborhood Association.[1] (See Docket No. 41).

---

[1] The Goodrich-Gannett Neighborhood Association was initially named as a defendant in this case. Pursuant to a stipulated motion by the parties, Goodrich-Gannett was dismissed from the case pursuant to Fed. R. Civ. P. 41(a)(1)(ii) on 13 June 2007. (Docket No. 85).

Before the Court is Ms Vagras' motion for leave to file a Fourth Amended Complaint pursuant to Fed. R. Civ. P. 15(a). (Docket No. 68). In addition to adding and clarifying certain factual allegations, the amended complaint seeks to join as a necessary party, PEK, Inc.[2] Defendants Joseph Cimperman and the City of Cleveland oppose Ms Vagras' motion for leave on the grounds that the motion was made in bad faith and that the pleading as amended is futile because it could not withstand a Rule 12(b)(6) motion. (Docket No. 76).

Leave to amend a complaint after a responsive pleading has been served "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This Court may consider, in determining whether to grant leave to amend a complaint, "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 346 (6th Cir. 2007). Because this motion was filed within the deadline set forth in the Court's Case Management Plan and Scheduling Order (Docket No. 62),[3] there was no undue delay in the filing of this motion, nor has bad faith by the plaintiff nor

---

After the parties filed the stipulated motion to dismiss Goodrich-Gannett from the case, the clerk's office inadvertently dismissed the case in its entirety on 12 September 2006. (Docket No. 83). The plaintiff's counsel notified the Court of this error on 21 May 2007 (Docket No. 84), and the Court reinstated the case on 13 June 2007 (Docket No. 85).

[2] Although not cited to in the plaintiff's motion, the joinder of a party necessary for just adjudication is governed by Fed. R. Civ. P. 19(a).

[3] The Court held a Case Management Conference on 7 February 2006. (Docket No. 61). The Case Management Plan and Scheduling Order, agreed to by the parties and issued by the Court, set a deadline of 28 April 2006 to amend the pleadings. (Docket No. 62). The plaintiff filed a motion for leave to file her Fourth Amended Complaint on 7 March 2006. (Docket No. 68).

2

undue prejudice to the defendants been shown. The pleading as amended is not futile.

With respect to the joinder of PEK, Inc. as a co-plaintiff in this case, PEK, Inc. owns the Landmark Restaurant which the Third Amended Complaint alleges suffered damages as a result of the defendants' actions. (Docket No. 41). In a memorandum of law dated 21 February 2006, defendants Joseph Cimperman and the City of Cleveland raised the issue of Ms Vagras' failure to join PEK, Inc. as a necessary party. (Docket No. 66). The defendants' memorandum, submitted pursuant to this Court's Case Management Plan and Scheduling Order (Docket No. 62), asserts that in the event Ms Vagras attempts to recover damages belonging to PEK, Inc., the defendants would move for summary judgment on Ms Vagras' failure to join PEK, Inc. as a necessary party. (Docket No. 66). Adding PEK, Inc. as a plaintiff to this case corrects the identity of the lawful owner of the Landmark Restaurant which is located in a building owned by Ms Vagras.

However, the amended pleading filed with the motion for leave asserts three causes of action which were dismissed by this Court eight months prior to the plaintiff's filing the motion for leave to file a Fourth Amended Complaint: Count Five - extortion in violation of public policy; Count Six - attempted theft in violation of public policy; and Count Seven - selective enforcement in violation of the Ohio Constitution. (See Docket No. 49). Because each of these claims was dismissed on its merits, the plaintiff may not re-assert them in the Fourth Amended Complaint.

Accordingly, the Court will grant the plaintiff's motion in part: the Fourth Amended Complaint filed with the plaintiff's motion for leave (Docket No. 68) will become the operative complaint, excluding Counts Five, Six, and Seven. Moreover, because PEK,

3

Inc. has an interest relating to the subject of this lawsuit and because joinder of PEK, Inc. will not deprive this Court of subject matter jurisdiction over the case, PEK, Inc. will be joined as a plaintiff to this case pursuant to Fed. R. Civ. P. 19(a)(2).

    IT IS SO ORDERED.

                                            /s/ Lesley Wells
                                     UNITED STATES DISTRICT JUDGE

Date: 24 January 2008